IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Johnny Cade, | ) | Civil Action No. 4:10-70282-TLW |
| | ) | Cr. No. 4:07-795 |
| Petitioner, | ) | |
| vs. | ) | ORDER |
| The United States of America, | ) | |
| Respondent. | ) | |

This matter comes before the Court for consideration of the <u>pro se</u> motion to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255 filed by the Petitioner, Johnny Cade (hereinafter "Petitioner" or "Defendant").

On June 26, 2007, a federal grand jury returned an Indictment against Petitioner charging Petitioner with one count of being a felon in possession of a firearm and ammunition. (Doc. # 2). On February 4, 2008, Petitioner entered a plea of guilty to the felon in possession charge. (Docs. # 64, # 66 & # 67). On June 18, 2008, this Court sentenced Petitioner to 190 months imprisonment with judgment entered on June 30, 2008. (Doc. # 75). Petitioner did not file a direct appeal. On October 19, 2010, Petitioner, proceeding <u>pro se</u>, filed the current motion under 28 U.S.C. § 2255 asserting two grounds for relief. (Doc. # 81). On December 15, 2010, the Government filed a motion for summary judgment and a supporting memorandum in opposition to Petitioner's petition. (Doc. # 90). Pursuant to <u>Roseboro v. Garrison</u>, 528 F.2d 309 (4th Cir. 1975), Petitioner was advised by Order filed January 13, 2011 that he had thirty-four days to file any material in opposition to the Government's motion. (Doc. # 91). Petitioner filed a response on February 22, 2011. (Doc. # 93). On October 14, 2011, Petitioner filed a motion to amend his § 2255 Petition. The matter is now ripe for decision.

1

## 28 U.S.C. § 2255

Title 28, Section 2255 of the United States Code provides that a prisoner in custody under sentence of a federal court may file a motion in the Court which imposed the sentence to vacate, set aside, or correct the sentence. The statute states four grounds upon which such relief may be claimed: (1) that the sentence was imposed in violation of the Constitution or laws of the United States; (2) that the court was without jurisdiction to impose such sentence; (3) that the sentence was in excess of the maximum authorized by law, and (4) that the sentence is otherwise subject to collateral attack. 28 U.S.C.A. § 2255. "Generally, 28 U.S.C. § 2255 requires [a] petitioner to prove by a preponderance of the evidence that 'the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law.'" Leano v. United States, 334 F. Supp. 2d 885, 890 (D.S.C. 2004). In Leano, the District Court noted that this is "the proof needed to allege a constitutional error," and that "[t]he scope of review of non-constitutional error is more limited than that of constitutional error; a non-constitutional error does not provide a basis for collateral attack unless it involves 'a fundamental defect which inherently results in a complete miscarriage of justice,' or is 'inconsistent with the rudimentary demands of fair procedure.'" Leano, 334 F. Supp. 2d at 890 (quoting United States v. Mikalajunas, 186 F.3d 490, 495-96 (4th Cir. 1999)). In deciding a 28 U.S.C. § 2255 motion, the Court need not hold a hearing if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255. The Court has thoroughly reviewed the motions, files, and records in this case, liberally construing Petitioner's pro se motion, and finds that no hearing is necessary.

## STANDARD OF REVIEW

The Government has moved for summary judgment as to all grounds raised by Petitioner. (Doc. # 90). In examining a motion for summary judgment, the Court must determine whether there

exists a genuine issue of material fact. Fed. R. Civ. P. 56. Of course, a party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of genuine issues of material fact. <u>Celotex Corporation v. Catrett</u>, 477 U.S. 317, 323; see also, <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 249. Though this initial responsibility rests with the moving party, when a motion for summary judgment is made and supported as provided in Rule 56, the non-moving party must produce "specific facts showing that there is a genuine issue for trial," rather than resting upon bald assertions contained in the pleadings. <u>See Celotex</u>, 477 U.S. at 324. Thus, the plain language of Rule 56 mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue of material fact," since a complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial. The moving party is "entitled to judgment as a matter of law" because the non-moving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof. <u>Celotex</u>, 477 U.S. at 322-23 (1986).

**<u>DISCUSSION</u>**

Petitioner asserts two grounds for relief in his initial Petition which are set forth verbatim as follows:

1. Actual [sic] Innocent of Sentence Due To The Fact A Failure to Stop For a Blue Light Does Not Constitute An Enhancement Under 4B1.1. Petitioner is actual Innocence [sic] Due To The Fact Failure To Stop For A Blue Light Does Not Constitute A Violent Crime To invoke the U.S.S.G. § 4B1.1(a) And § 4B1.2(a).

2. Petitioner is Actual [sic] Innocent of Burglary Second and Third Degree Since It Is Not A Crime of Violence. Petitioner is Actual [sic] Innocent of His Sentence of U.S.S.G. § 4B1.1(a) and § 4B1.2, Since both Burglaries/Second Degree and Third Degree Does [sic] Not Classify As A Crime of Violence As Once Considered To Be.[1]

Additionally, Petitioner filed a Motion to Amend his § 2255 Petition in which he asserts he is entitled to relief based on the decision in United States v. Simmons, 649 F.3d 237 (4th Cir. 2011). The Court grants Petitioner's request to amend and will consider the additional claim for relief that he has set forth in his motion.[2]

In his first ground for relief, Petitioner claims that his sentence was incorrectly based upon him being classified as an armed career criminal pursuant to the Armed Career Criminal Act ("ACCA"), 18 U.S.C. §924(e) and U.S.S.G. § 4B1.4, because one of his predicate offenses, failure to stop for a blue light ("FTSBL"), is not a violent felony in light of United States v. Rivers, 595 F.3d 558 (4th Cir. 2010). In his second ground for relief, Petitioner contends that his three prior

---

[1] The Court notes that in both his first and second ground for relief, Petitioner cites the United States Sentencing Guidelines section relevant to being a "career offender." However, Petitioner was determined to be an "armed career criminal" which is covered by U.S.S.G. section 4B1.4, and 18 U.S.C. 924(e).

[2] Petitioner also raises in his motion to amend a question of whether his offenses occurred on "occasions different from one another." Convictions occur on occasions different from one another "if each of the prior convictions arose out of a ' *separate and distinct criminal* episode.' " United States v. Letterlough, 63 F.3d 332, 335-37 (4th Cir.1995)(citingUnited States v. Hudspeth, 42 F.3d 1015, 1019 (7th Cir.1994) (en banc) (collecting cases) (emphasis in original) (citation omitted), cert. denied, 515 U.S. 1105, 115 S.Ct. 2252, 132 L.Ed.2d 260 (1995)). Courts have considered a multiplicity of factors to determine when more than one conviction constitutes a separate and distinct criminal episode. Id. For example, Courts have asked : (1) whether the offenses arose in different geographic locations; (2) whether the nature of each offense was substantively different; (3) whether each offense involved different victims; (4) whether each offense involved different criminal objectives; and (5) after the defendant committed the first-in-time offense, did the defendant have the opportunity to make a conscious and knowing decision to engage in the next-in-time offense. ). Id. "[I]f any one of the factors has a strong presence, it can dispositively segregate an extended criminal enterprise into a series of separate and distinct episodes." Letterlough, 63 F.3d at 336. Applied to Petitioner's burglary convictions, the Court concludes that the burglaries were all committed on occasions different from one another.

4

burglary convictions should not be considered violent felonies pursuant to 18 U.S.C. §924(e)(2)(B)(ii). The Government opposes Petitioner's petition and asserts that it is without merit because Petitioner's three burglary convictions are all generic burglary convictions that qualify as violent felonies under the ACCA. Additionally, the Government argues that Petitioner was also convicted of Assault and Battery of a High and Aggravated Nature (ABHAN), which also qualifies as a violent felony. Therefore, the Government argues that Petitioner was properly categorized as an armed career criminal based upon at least three other convictions besides his Failure to Stop for a Blue Light conviction.

After careful review and consideration, the Court finds the Government's position to be sufficiently persuasive and concludes, for the reasons set forth below, that Petitioner was correctly classified as an armed career criminal pursuant to 18 U.S.C. §924(e) and USSG § 4B1.4 because he had at least three additional convictions (three burglary convictions and an ABHAN conviction) that qualify as predicate violent felonies under 18 U.S.C. §924(e) and U.S.S.G. § 4B1.4, separate and apart from his Failure to Stop for Blue Light conviction.

18 U.S.C. § 924(e)(1) provides that "[i]n the case of a person who violates section 922(g) of this title and has three previous convictions by any court referred to in section 922(g)(1) of this title for a violent felony or a serious drug offense, or both, committed on occasions different from one another, such person shall be fined under this title and imprisoned not less than fifteen years, and, notwithstanding any other provision of law, the court shall not suspend the sentence of, or grant a probationary sentence to, such person with respect to the conviction under section 922(g)." The term violent felony is defined at 18 U.S.C. § 924(e)(2)(b) as follows:

> the term "violent felony" means any crime punishable by imprisonment for a term exceeding one year, or any act of juvenile delinquency involving the use or carrying of a firearm, knife, or destructive device that would be punishable by imprisonment for such term if committed by an adult, that--

5

(i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
(ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another; . . .

U.S.S.G. § 4B1.4(a) provides that a defendant who is subject to an enhanced sentence under the provisions of 18 U.S.C. § 924(e) is an armed career criminal and sets forth the potential offense levels.

To determine whether an offense under state law falls within the definition of a violent felony, generally this court uses a categorical approach, which "requires the trial court to look only to the fact of conviction and the statutory definition of the prior offense." See Taylor v. United States, 495 U.S. 575, 602 (1990). The particular label or categorization under state law is not controlling. Id. at 590-91. The statute defines a violent felony to include "burglary," and the United States Supreme Court has construed "burglary" in the statute to include any crime, regardless of its exact definition or label, having the basic elements of unlawful or unprivileged entry into, or remaining in, a building or structure, with intent to commit a crime. Taylor v. United States, 495 U.S. 575, 599 (1990) (For purposes of the ACCA, "a person has been convicted of burglary ... if he is convicted of any crime, regardless of its exact definition or label, having the basic elements of unlawful or unprivileged entry into, or remaining in, a building or structure, with intent to commit a crime." ); see also U.S. v. Thompson 588 F.3d 197, 200 (4th Cir. 2009). While a court normally may look only to the fact of the conviction and the statutory definition, because some states broadly define burglary to include places other than buildings, the categorical approach may be modified to "permit the sentencing court to go beyond the mere fact of conviction." Taylor, at 602; Shepard v. United States, 544 U.S. 13, 16-17 (2005). Under the modified categorical approach set forth in Taylor, an offense will constitute burglary if the jury was required "to find all the elements of generic burglary in order to convict the defendant," and "the indictment or information and jury

6

instructions show that the defendant was charged only with a burglary of a building," so "the jury necessarily had to find an entry of a building to convict." Taylor, 495 U.S. at 602, 110 S.Ct. 2143.

In Shepard v United States, 544 U.S. 13 (2005), the Court had to determine whether burglary convictions could be used a predicate offenses for ACCA status when the state defined burglary to include entry into a car or boat. In Shepard, the full scope of Taylor's "modified categorical approach" was refined as the Court applied Taylor to convictions based on guilty pleas. The Court held that the Taylor-approved modification to a strict categorical approach for identifying convictions for predicate offenses was not limited to convictions obtained through a jury trial. Rather, for cases tried without a jury, a sentencing court may also consider the "bench-trial judge's formal rulings of law and findings of fact" and, for pleaded cases, the court may examine "the statement of factual basis for the charge, shown by a transcript of plea colloquy or by written plea agreement presented to the court, or by a record of comparable findings of fact adopted by the defendant upon entering the plea." The Shepard Court held that "enquiry under the ACCA to determine whether a plea of guilty to burglary defined by a nongeneric statute necessarily admitted elements of the generic offense is limited to the terms of the charging document, the terms of a plea agreement or transcript of colloquy between judge and defendant in which the factual basis for the plea was confirmed by the defendant, or some comparable judicial record of this information."

Petitioner's presence report ("PSR") determined that he was an armed career offender subject to an offense level of 34.[3] Specifically the PSR determined that Petitioner had five prior

---

[3] § 4B1.4(b)(3)(A) provides that: "[t]he offense level for an armed career criminal is ....34, if the defendant used or possessed the firearm or ammunition in connection with either a crime of violence, as defined in § 4B1.2(a), or a controlled substance offense, as defined in § 4B1.2(b), or if the firearm possessed by the defendant was of a type described in 26 U.S.C. 5845(a) . . .

convictions that qualified as violent felonies committed on occasions different from one another: (1) FTSBL (PSR, at ¶ 21); (2) Burglary 2nd Degree (PSR, at ¶ 21); (3) Burglary 3rd Degree (PSR, at ¶ 21); (4) Burglary 2nd Degree (PSR, at ¶ 22); and (5) ABHAN (PSR, at ¶ 23). Accordingly, the PSR determined that Petitioner was an armed career criminal within the meaning of USSG § 4B1.4 and 18 U.S.C. §924(e). See PSR, at ¶ 45. After affording Petitioner a three-level reduction for acceptance of responsibility (resulting in a total offense level of 31), the PSR calculated his Guidelines range at 188 to 235 months (based on a criminal history category of VI). PSR, at ¶ 70. Cade's statutory mandatory minimum sentence was 180 months because he was determined to be an armed career criminal pursuant to 18 U.S.C. §924(e). PSR, at ¶ 53-54.

As an initial matter, the Court notes that although the Government indicates that it agrees that Petitioner's Failure to Stop for a Blue Light conviction should not be counted as a qualifying predicate offense, Petitioner still qualifies as an armed career criminal because of his additional convictions. These four additional convictions are listed and discussed below.

Petitioner's first predicate offense is a conviction for burglary in the second degree. This offense was committed between March 28 and April 2, 1993, when Cade "entered into the dwelling of [the victim] without consent and with the intent to commit a crime." PSR, at ¶ 21. Petitioner entered a building, specifically a dwelling, without consent and with the intent to commit a crime therein. Accordingly, in accordance with the controlling case law, this conviction for burglary in the second degree qualifies as a generic burglary for purposes of § 924(e). See United States v. Wright, 594 F.3d 259, 266 (4th Cir. 2010) (holding that South Carolina's burglary in the second degree statute tracks the generic definition of burglary and counts as prior violent felony offense for purposes of the ACCA); United States v. Blitchington, 378 Fed. Appx. 346, 347-48, 2010 WL 2034360, at **1-2 (May 21, 2010) (second degree burglary "fits the definition of generic burglary"

8

and "the court did not err in counting the conviction toward the three needed for ACCA purposes."); United States v. Jones, 312 Fed. Appx. 559, 560 (4th Cir. 2009).

Petitioner's second qualifying predicate offense is his conviction for burglary in the third degree. The burglary in the third degree offense was committed on March 29, 1993 when Petitioner "entered Wilkins-Woods Architects without consent and with intent to commit a crime." PSR, at ¶ 21. This conviction for burglary in the third degree also qualifies as a generic burglary for purposes of § 924(e). See United States v. Hickman, 358 Fed.Appx. 488, 489-90 (4th Cir. 2009) (unpublished) (determining that burglary in the third degree in which defendant entered a building was burglary predicate offense for purposes of ACCA; noting that a district court can rely upon PSR to determine whether prior burglary third degree qualifies as generic burglary for purposes of the ACCA); United States v. McDaniels, 340 Fed.Appx.. 886, 889 (4th Cir. 2009) (unpublished) (defendant's prior conviction for burglary in the third degree qualified as generic burglary predicate offense for purposes of the ACCA because PSR revealed "that the object of McDaniel's prior burglary was a building"); United States v. Rivers, 310 Fed.Appx. 618, 619-20 (4th Cir. 2009) (unpublished) (burglary in the third degree qualified as generic burglary predicate offense for purposes of the ACCA because indictment revealed that Rivers burglarized a physical structure with a defined street address), appeal after remand, 595 F.3d 558 (4th Cir. 2010) (reversed on other grounds). Because the PSR reveals that Petitioner burglarized a physical structure, Petitioner's conviction for burglary in the third degree qualified as generic burglary predicate offenses for purposes of the ACCA.

Petitioner's third qualifying predicate offense is another Burglary in the second degree conviction. The second burglary in the second degree offense was committed on October 31, 1995 when Petitioner "entered Fludd's Pawn Shop without consent and with intent to commit a crime. Petitioner did resist the efforts of Florence Police Officer Ron Swaggard to make a lawful arrest."

9

PSR, at ¶ 22. Again, in accordance with the controlling case law, this conviction for burglary in the second degree qualifies as a generic burglary for purposes of § 924(e). [4]

Finally, Petitioner's conviction for ABHAN qualifies as a violent felony for purposes of the ACCA. Petitioner's ABHAN offense was committed on September 13, 2000, when he assaulted the victim "by hitting him with a pipe, striking him with his fists and stomping on him with his feet." PSR, at ¶ 23. The Fourth Circuit has in the past repeatedly determined that ABHAN is "categorically" a violent felony/crime of violence. See United States v. Stewart, 370 Fed Appx 400, 401-02 (4th Circuit 2010); United States v. Jones, 312 Fed. Appx. 559, 560 (4th Cir.), cert. denied, 129 S. Ct. 2846 (2009); United States v. White, 250 Fed. Appx.524, 526 (4th Cir. 2007); United States v. Riddle, 186 Fed. Appx. 367, 370 (2006); United States v. Velez, 167 Fed. Appx. 349, 350 (4th Cir. 2006). See also, United States v. Cruz-Ortiz, 184 Fed. Appx. 341, 343 (4th Cir. 2006) and United States v. Felder, 96 Fed. Appx. 108, 111 (4th Cir. 2004). However, this Court believes that there exists now a potential open question as to whether or not ABHAN categorically will continue to be considered a crime of violence. U.S. v. Johnson, 2012 WL 1224217, 2 (4th Cir. 2012) ("Without expressing an opinion on whether the offense of ABHAN under South Carolina's common law categorically constitutes a crime of violence under USSG § 4B1.1(a), we have decided the prudent course under the circumstances is to vacate [defendant's] sentence and remand this case to the district court for further proceedings in order to allow the district court to determine if the modified categorical approach supports the conclusion that [defendant's] conviction for ABHAN under South Carolina common law constitutes a crime of violence under USSG § 4B1.1(a)").

---

[4]The Court notes that the Government asserts that this conviction is for a Burglary in the third degree as opposed to a Burglary in the second degree. However, based on the information in the PSR and sentence imposed, the Court believes this conviction is correctly noted as a Burglary; second degree. However, even if the Government were correct and it was a Burglary; third degree it would still count as a predicate offense for armed career purposes.

10

Accordingly, the Court will also consider the modified categorical approach.

Even assuming *arguendo*, that Petitioner's ABHAN conviction is not "categorically" a violent felony for purposes of the ACCA, the Petitioner's conviction of ABHAN would be a violent felony when applying the modified categorical approach previously discussed. Johnson v. United States, 130 S.Ct. 1265, 1273 (2010) (internal citations omitted) ("When the law under which the defendant has been convicted contains statutory phrases that cover several different generic crimes, some of which require violent force and some of which do not, the " 'modified categorical approach' . . . permits a court to determine which statutory phrase was the basis for the conviction by consulting the trial record—including charging documents, plea agreements, transcripts of plea colloquies, findings of fact and conclusions of law from a bench trial, and jury instructions and verdict forms."); United States v. Bethea, 603 F.3d 254, 259 (4th Cir. 2010) (employing modified categorical approach). As reflected in the PSR, Petitioner assaulted the victim "by hitting him with a pipe, striking him with his fists and stomping on him with his feet." PSR, at ¶ 1. In looking only to the charging document, the Court concludes that this conviction is a violent felony for purposes of the ACCA.

After careful review of Petitioner's prior convictions for burglary in the second degree, burglary in the third degree and ABHAN, this Court concludes that Petitioner was properly categorized as armed career criminal based upon at least three other predicate offenses besides his FTSBL conviction.

Finally, the Court will address Petitioner's claim that he is entitled to relief based upon the Fourth Circuit's decision in United States v. Simmons, 649 F.3d 237 (4th Cir.2011). The Simmons decision, which interpreted and applied Carachuri–Rosendo v. Holder, ⸺ U.S. ⸺, 130 S.Ct. 2577 (2010), held that when assessing whether prior North Carolina convictions constitute predicate

11

offenses courts must look only to the statutory minimum and maximum sentence as found by the North Carolina state court for that particular defendant. Petitioner's reliance on <u>Simmons</u> is misplaced. All of Petitioner's predicate offenses were South Carolina convictions. Defendant was subject to, and actually was sentenced to more than one year imprisonment on each. The amount of time actually served is irrelevant.

## **CONCLUSION**

For the foregoing reasons, Petitioner's motion for relief pursuant to 28 U.S.C. § 2255 is **DENIED** (Doc. # 81) and the Government's motion for summary judgment is **GRANTED** (Doc. # 90). This action is hereby **DISMISSED**.

The Court has reviewed this petition in accordance with Rule 11 of the Rules Governing Section 2255 Proceedings and 28 U.S.C. § 2253. Applying the provisions set forth at 28 U.S.C. § 2253 (c), this Court concludes that it is appropriate to issue a certificate of appealability as to all issues raised herein.

**IT IS SO ORDERED**.                               s/Terry L. Wooten
                                                   TERRY L. WOOTEN
July 27, 2012                                      United States District Judge
Florence, SC